**In re UNITED STATES of America.**

No. 95–8479.

United States Court of Appeals,
Eleventh Circuit.

July 18, 1995.

Mark B. Stern, Michael S. Raab, J. Douglas Wilson, Dept. of Justice, Washington, DC, for appellant.

Gregory S. Smith, Stephanie Kearns, Federal Defender Program, Inc., Atlanta, GA, for appellee.

Before TJOFLAT, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

The defendant Louis Curtis McLellan has been convicted in the United States District Court for the Northern District of Georgia of two counts of violating 8 U.S.C. § 1324(a)(1)(D) (unlawfully inducing an alien to enter into and reside in the United States), and he awaits sentencing pursuant to the Sentencing Reform Act of 1984 (the "Act"), 18 U.S.C. § 3551 et seq., and the United States Sentencing Guidelines (the "Guidelines") promulgated thereunder by the United States Sentencing Commission (the "Commission").

This is McLellan's second appearance before the district court for sentencing. In 1992, the Honorable Julie E. Carnes [1] sentenced McLellan to a term of imprisonment. McLellan appealed, and in *United States v. McLellan*, 28 F.3d 117 (11th Cir.1994) (per curiam), a panel of this court agreed with McLellan that Judge Carnes should have recused herself from deciding his challenges to the United States Sentencing Commission and Guidelines—because she is a member of the United States Sentencing Commission—to avoid the appearance of impropriety. The panel, therefore, vacated McLellan's sentence and remanded the case for resentencing.

▮ McLellan's claims that the Commission is "unconstitutional" and that the Guidelines are invalid had been presented to and rejected by Judge Carnes prior to her imposition of McLellan's sentence, but her decision was vacated by the *McLellan* panel. That panel, however, did not reach the merits of McLellan's claims concerning the Commission and the guidelines. While professing

---

1. Judge Julie Carnes of the United States District Court for the Northern District of Georgia and Judge Ed Carnes of this Court are not related within the seventh degree, or within any degree known to either of them. All further references in this opinion to "Judge Carnes" are to Judge Julie Carnes.

to "hint at no view on the ultimate merits of appellants' challenges to the Commission or Commissioners as sentencing judges," the prior panel's *McLellan* opinion did express an inability to say that those challenges are frivolous. *United States v. McLellan,* at 5. However, that professed inability to label the claims frivolous is dictum, *see, New Port Largo, Inc. v. Monroe County,* 985 F.2d 1488, 1500 (11th Cir.) (Edmondson, J., concurring) ("The holding of [a prior case] and, therefore, its binding power as precedent, comes not from what the opinion says or its words imply, but from what [that prior case] decided considering the facts then before the court."), *cert. denied,* — U.S. —, 114 S.Ct. 439, 126 L.Ed.2d 373 (1993). Statements of dicta are not part of the law of the case. *E.g., Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller,* 957 F.2d 1575, 1578 (11th Cir.) (dicta "is neither the law of the case nor binding precedent"), *cert. denied,* — U.S. —, 113 S.Ct. 484, 121 L.Ed.2d 388 (1992). The only holding of the prior *McLellan* decision, and thus the only law of the case, is that Judge Carnes should have recused herself from deciding McLellan's sentencing challenges and, thus, from sentencing him.[2] McLellan contends that the Commission is "unconstitutional" because, in conducting its business, the Commission has "violated the doctrine of separation of powers"; accordingly, the Guidelines the Commission has promulgated, including those applicable in this case, are invalid. McLellan contends, alternatively, that assuming that the Commission is not "unconstitutional," the Guidelines, including those applicable in this case, are invalid on the several grounds which we set out in part II. Presumably, McLellan wants the district court, after striking down the Guidelines, to sentence him under the Sentencing Reform Act as if there were no Guidelines in place.[3] The Act currently provides that

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established [by the Sentencing Commission] for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission....
>
> (5) any pertinent policy statement issued by the Sentencing Commission....

---

2. One of the exceptions to the law of the case doctrine is for holdings that are "clearly erroneous and, if implemented, would work a manifest injustice." *E.g., Piambino v. Bailey,* 757 F.2d 1112, 1120 (11th Cir.1985), *cert. denied,* 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986). We have no occasion to decide whether the prior panel's holding that Judge Carnes should have recused herself fits within that exception, because that issue is not before us in this mandamus proceeding which involves Judge Forrester's rulings on certain subpoena issues.

We emphatically disavow, however, any intention to adopt in this published opinion the prior *McLellan* opinion's holding on the recusal issue.

While that holding may be law of the case insofar as this panel is concerned, because the prior *McLellan* opinion was unpublished, its holding on the recusal issue is not law of this circuit and will not be binding on any future panel in a case involving a different defendant. *See* 11th Cir.R. 36–2. We express no view on the recusal issue.

3. As we indicate in the text *infra,* if the Guidelines are declared invalid, then it is immaterial whether the Sentencing Commission is "unconstitutional"; McLellan will be sentenced under the Sentencing Reform Act as if no Commission existed.

(6) the need to avoid unwarranted sentence disparities....

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). If the Guidelines are invalid, as McLellan contends, then the district court, in imposing sentence, must obey the command of section 3553(a) *with the exception of paragraphs (4) and (5).*

To demonstrate the unconstitutionality of the Commission and the invalidity of the Guidelines, McLellan has obtained various documents from the Commission pursuant to a subpoena *duces tecum.* Among other things, the Commission has produced all correspondence in the files of the Commission's Chairman, Staff Director, and General Counsel that were received from the President of the United States and his senior staff, from the Attorney General and all other members of the Department of Justice with the words "Attorney General" in the title, and from the head of any federal law enforcement agency.

On April 10, 1995, on McLellan's request, subpoenas *duces tecum* were issued for the President of the United States, the Attorney General, the Deputy Attorney General, the Associate Attorney General, the Solicitor General, and the Assistant Attorneys General in charge of the Office of Legal Counsel, the Antitrust Division, and the Criminal Division. The Government immediately moved to quash the subpoenas; the district court, per Judge Forrester, heard the motion on April 20. At the hearing, the district court modified the subpoenas, striking some document requests and modifying others. The subpoena to the President is now directed to the "Office of the White House" and requires the production of certain documents from the White House Counsel, the Chief of Staff, the Chief of Legislative Affairs, and the Chief of Personnel. The subpoena requires the production of (1) documents relating to communications or meetings between senior White House staff and members of the Sentencing Commission regarding Commission policy or positions on Guidelines; and (2) documents relating to communications or meetings between senior White House staff and Commissioners or candidates for the Commission, discussing benefits to be bestowed on Com-

missioners, such as reappointments, perquisites, jobs for family members, etc. The subpoena did not extend to the President's personal papers. As revised, the subpoenas to the Attorney General and other Justice Department officials require the production of all correspondence between the present and three former Solicitors General and the Sentencing Commission regarding litigation positions; all non-public documents sent by numerous Department of Justice officials to voting members of the Commission that advocate a position concerning the Sentencing Guidelines; and all communications between voting members of the Commission and several present or former officials.

The Government now petitions this court, pursuant to 28 U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure, for a writ of mandamus directing the district court to quash the subpoenas directed to the "Office of the White House," the Attorney General, the Associate Attorney General, the Solicitor General, and the Assistant Attorneys General of the Office of Legal Counsel, the Antitrust Division, and the Criminal Division. McLellan has filed a response to the petition; the Government, in turn, has responded to his response. We grant the writ and direct the district court to quash the subpoenas in question.

I.

■ In *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the Supreme Court rejected the claim that Congress established the Commission in violation of the separation of powers doctrine. We read the rationale underpinning the Court's holding as also rejecting McLellan's claim that the Commission is unconstitutional due to the manner in which it has conducted its business. In addressing the separation of powers issue, the Court contemplated that the Commission would conduct its business in the manner McLellan has described, which is precisely what Congress intended. In sum, to the extent that the challenged subpoenas seek information to support McLellan's claim that the Commission is "unconstitutional," they seek informa-

tion that the Supreme Court has effectively declared to be immaterial.[4]

## II.

We now discuss McLellan's contentions that the Guidelines, including those applicable in this case, are invalid.

### A.

 Because his sentence was vacated as a result of his appeal and he has not been resentenced, McLellan has no standing to prosecute the following claims; they are more properly brought by individual defendants as they apply to their own appeals: (i.e., defendants who have been sentenced as to the first two claims, and defendants who have been sentenced by judges who are members of the Commission as to the second two claims):[5]

—The federal courts in giving effect to the Guidelines are imposing sentences "greater than necessary" in disregard of the duty imposed on them by 18 U.S.C. § 3553(a).

—The federal courts in giving effect to the Guidelines and in "considering the purpose of imposing an appropriate sentence [under 18 U.S.C. § 3553(a) ]" are limiting the "information concerning the background, character, and conduct of [the convicted] person...."

—The judicial decisions of the Article III judge members of the Commission, in imposing sentence and reviewing sentences on appeal, have been influenced by the knowledge these judges have gained as members of the Commission, by their "votes" on guideline and policy statement issues, and by Commission policy. These judges have thus failed to discharge their duty to avoid an appearance of impropriety, if not a direct conflict of interest, in handing down these decisions.

—Article III members of the Commission, disregarding their duty to avoid an appearance of impropriety, if not a direct conflict of interest, have imposed sentence or reviewed sentences on appeal after taking a position in Commission deliberations on issue(s) involved in fashioning the sentence or in reviewing the same on appeal.

### B.

The following claims have no bearing on whether the Guidelines as a whole or as applied in McLellan's case are invalid; moreover, the claims are best brought to Congress' attention:

—The Commission in fashioning the Guidelines, and submitting them to Congress, failed to carry out its duty under 28 U.S.C. § 994(g) to minimize the federal prison population.

—The Commission has failed to ensure, as required under 28 U.S.C. § 994(j), that the Guidelines provide for non-prison sentences for first offenders.

### C.

In light of *Mistretta*, the following claims are patently frivolous:

—Article III members of the Commission have lobbied members of Congress on guideline and sentencing issues in opposition to Judicial Conference of the United States policy.

—The Commission has met, and continues to meet, "behind closed doors" when deciding guideline and policy statement issues. Although "[t]he Attorney General, or the Attorney General's designee, [is] an ex officio non-voting member of the Commission," because

---

4. In dictum, the prior *McLellan* panel suggested that *Mistretta* may no longer be good law because it was decided "before the Commission's practices and powers had been developed much," and *Stinson v. United States,* —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), may not have been foreseeable at the time *Mistretta* was decided. *McLellan,* at 5–6. We disagree. The Commission's practices and powers have not developed in ways inconsistent with the reasoning in *Mistretta.* Moreover, we cannot believe that the Supreme Court was incapable of

foreseeing in *Mistretta* its own decision in *Stinson* a scant four years later. The *Mistretta* decision sweeps broadly, and if it is to be overruled, the Supreme Court itself will have to do it.

5. In holding that McLellan does not have standing to make these claims, we do not mean to imply that these claims are any less frivolous than the claims he does have standing to make and which we discuss in subsections B and C, below.

the defense bar is not represented at such meetings, the Attorney General, or his/her designee exercises undue influence in such decisionmaking.[6]

—The Article III members of the Commission have been exposed to undue lobbying by the law enforcement community on issues acted on by the Commission.

—Although the Commission is at liberty to appear amicus curiae in cases involving Sentencing Reform Act and guideline issues, the Commission appears amicus curiae only when directed to do so by the Attorney General.

—Article III members of the Commission, in carrying out their Commission duties, have engaged in research and have written articles on a variety of sentencing issues.

—The Commission has not adopted rules concerning the responsibilities of the Commission members and employees under the Hatch Act. Consequently, Commission members and employees have violated that statute.

—The Commission has failed to adopt written rules and regulations governing its procedures, despite statutory authority directing the Commission to do so (e.g., 28 U.S.C. § 994(c); 28 U.S.C. § 995(a)(1)). The Guidelines are currently enacted pursuant to the Commission's unbridled discretion.

—The lack of any adequate explanation for decisions reached by the Commission does not allow for sufficient judicial review of Commission action.

—The Guidelines violate the constitutional requirement of bicameral passage and presentment.

For the foregoing reasons, the district court shall quash the subpoenas at issue.

SO ORDERED.

---

6. McLellan cites no principle of law that would require representatives of the defense bar to be present. As for the Attorney General's undue influence, the problem, if any, lies in the appointment process—specifically, with the President or the Senate which must confirm the President's nominations to the Commission.